UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| THERESA M. GOLDEN, an individual,<br><br>Plaintiff<br><br>v.<br><br>A CAB, LLC, a Nevada Limited Liability Company, ED BORROWSKI, an individual, BOB MCCULLOUGH, an individual, and DOE individuals I through X, ROE BUSINESS ENTITIES I through X, inclusive,<br><br>Defendants. | Case No. 2:13-cv-02315-RFB-GWF<br><br>**<u>ORDER</u>** |

This case is before the Court on Defendants' Motion to Dismiss and for Sanctions against Plaintiff (ECF No. 37) and Motion for Summary Judgment by Counter Claimant (ECF No. 39).

**I. Motion to Dismiss**

On December 20, 2013, Plaintiff Golden filed her case in this Court. (ECF No. 1). On March 20, 2014, Defendants filed an Answer to the Complaint and asserted several counterclaims against Plaintiff. (ECF No. 9). On December 17, 2014, Defendants filed a Motion to Dismiss the Complaint in its entirety and for sanctions against Plaintiff. (ECF No. 37).

Local Rule 7-2(b) states that "Unless otherwise ordered by the Court, points and authorities in response shall be filed and served by an opposing party fourteen (14) days after service of the motion." Plaintiff's response to Defendants' Motion to Dismiss was due January 3, 2015. Plaintiff failed to timely respond to the Motion and has yet to file a Response. Pursuant to Local Rule 7-2(d), Plaintiff's "failure. . . to file points and authorities in response . . . shall constitute a consent to the granting of the motion." The Court therefore considers the Plaintiff's failure to timely respond to Defendants' Motion to Dismiss as consent to the granting of the motion.

1          The Court finds that the action is properly dismissed under Fed. R. Civ. P. 41(b), which states that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." When considering whether to dismiss for failure to prosecute, district courts weigh the following factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions." In re Eisen, 31 F.3d 1447, 1451 (9th Cir. 1994).

          Weighing each of these factors, the Court concludes that Defendants' motion should be granted. The Court's review of the record indicates that Plaintiff has yet to respond to either Defendants' Motion to Dismiss or their Motion for Summary Judgment filed on December 17, 2014. Further, Plaintiff has not taken action in this case in over a year. Therefore, the Court finds that the first and second factors—the public's interest and the court's need to manage its docket—weigh in favor of dismissal. The Court also finds that Defendants are prejudiced by Plaintiff's failure to prosecute, as unreasonable delay creates a presumption of prejudice that Plaintiff has not rebutted. Eisen, 31 F.3d at 1452-53 (quoting Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976)). While the fourth factor (the public policy favoring disposition of cases on their merits) weighs in Plaintiff's favor, the other factors weigh heavily in the Defendants' favor. Finally, the Court finds that there are no less drastic sanctions available in this case. Plaintiff has failed to prosecute this action in over a year despite receiving notice of a dispositive motion. The Court does not find that any alternatives exist that would remedy the delay and prejudice imposed upon Defendants by Plaintiff's delay.

          Additionally, because the Plaintiff failed to attend her own deposition, the Court finds that dismissal is proper under Rule 37(d)(3), which provides for dismissal of an action or proceeding in whole or part for a party's failure to attend its own deposition.

/ / /

/ / /

/ / /

**II. Sanctions**

In the same Motion to Dismiss, Defendants also moved for Rule 37 sanctions under the FRCP on the basis that Plaintiff failed to participate in discovery and failed to attend her own deposition. Mot. Dismiss at 5-6.

Rule 37 governs the failure to cooperate in discovery and provides that sanctions may be sought in certain instances. In relevant part, Rule 37(b)(1) states that "[i]f the court where the discovery is taken orders a deponent to be sworn or to answer a question and the deponent fails to obey, the failure may be treated as contempt of court." According to the Court's Order on July 28, 2014, the parties had agreed to the following: Plaintiff was to depose Defendant Robert McCullouch and Jon Gathright; and Defendant was to depose Plaintiff Golden. Order, (ECF No. 28 at 3). By not appearing for her deposition, Plaintiff failed to participate in discovery in violation of Rule 37(b). Mot. Dismiss at 5.

Plaintiff's failure to attend her own deposition also violates Rule 37(d)(1)(A)(i), which provides that a court where the action is pending may, on motion, order sanctions if a party fails, after being served with proper notice, to appear for that person's deposition. It appears that on August 29, 2014, Plaintiff was served with proper notice of her deposition scheduled for October 1, 2014. Mot. Dismiss at 6. On September 29, 2014, Plaintiff's counsel requested a one week extension of Plaintiff's deposition, which was agreed to by defense counsel. Id. An Amended Notice was issued on September 30, 2014 in accordance with the request of Plaintiff. Nonetheless, Plaintiff failed to appear for her deposition. Id.

The Court therefore grants Defendants' Motion for Sanctions and orders that sanctions in the amount of $2,260.00 be imposed against Plaintiff for Defendants' reasonable expenses, including attorneys fees and costs.

**III. Motion for Summary Judgment as to Defendants' Counterclaims**

In their Answer to Plaintiff's Complaint, filed on March 20, 2014 (ECF No. 9), the Defendants asserted three Counterclaims: (1) defamation, libel, and slander; (2) tortious interference with business; and (3) abuse of process. Answer at 13-15. The Defendants filed a

Motion for Summary Judgment as to these Counterclaims on December 17, 2014. (ECF No. 39). To date, the Plaintiff has failed to respond to this Motion.

While the Local Rules provide for dismissal of a case based on summary judgment upon a party's failure to respond (See LR 7-2(f) and (d)), the Local Rules also provide that the Court may *sua sponte* dispense with or waive any of these Rules if the interests of justice so require.

Furthermore, the Ninth Circuit has held that a "district court's summary judgment cannot be sustained solely on the ground that [Plaintiff] failed to file the supplemental opposition papers, permitting entry of judgment under [the] Local Rule … A 'local rule that requires the entry of summary judgment simply because no papers opposing the motion are filed or served, and without regard to whether genuine issues of material fact exist, would be inconsistent with Rule 56.'" Cusano v. Klein, 264 F.3d 936, 950 (9th Cir. 2001) (citations omitted).

The Court therefore denies without prejudice Defendants' Motion for Summary Judgment.

**Conclusion**

For these reasons,

**IT IS ORDERED** that Defendants' Motion to Dismiss and for Sanctions against Plaintiff is GRANTED. **IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment is DENIED WITHOUT PREJUDICE.

DATED: August 31, 2015.

_____
**RICHARD F. BOULWARE, II**
**United States District Judge**